**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 95-60054
Summary Calendar
_____

MONROE S. CLARK, JR., and
BARBARA A. CLARK,

Petitioners-Appellants,

VERSUS

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the United States Tax Court
(3489 90)
_____
September 5, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

The tax court upheld a deficiency entered by the IRS against Monroe and Barbara Clark. The Clarks, proceeding pro se, petition us to review the tax court's decision. Petitioners contend that limitations bar the deficiency and that the tax court improperly disallowed several deductions. We affirm.

BACKGROUND

The parties agreed to extend the limitations period on petitioners' 1984 tax return until April 15, 1989. Before that

---

[1]  Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

time, the IRS served a summons on a third party seeking petitioners' tax records for 1984. The Clarks were unsuccessful in their attempt to quash the summons, and we dismissed their appeal on June 13, 1989. The IRS mailed a notice of deficiency to the Clarks on November 30, 1989, for the tax years 1984, 1985, and 1986.

In upholding the deficiency, the tax court determined that limitations did not bar the IRS's examination of the Clarks' 1984 tax return because the summons proceeding suspended the limitations period. The tax court also found that several deductions were improper. One deduction came from a loan repayment and another came from the giving of a loan, neither of which are deductible. The Clarks failed to sustain their burden of proving several other deductions. Finally, the tax court upheld the assessment of penalties against the Clarks.

## DISCUSSION

We review the tax court's legal conclusions and its interpretations of the Internal Revenue Code de novo. Harris v. Commissioner of Internal Revenue, 16 F.3d 75, 81 (5th Cir. 1994). We accept the tax court's findings of fact unless they are clearly erroneous. Id.

## I.

The Clarks contend that limitations bar the deficiency because it was not mailed before the agreed extension date. The normal three-year limitations period may be extended by agreement between the IRS and the taxpayer. I.R.C. § 6501(a), (c)(4) (1988). When

a taxpayer intervenes to quash a notice of summons served on a third party, however, "the running of any period of limitations under section 6501 (relating to the assessment and collection of tax) . . . with respect to [the taxpayer] shall be suspended for the period during which a proceeding, an appeals therein, with respect to the enforcement of such summons is pending." I.R.C. § 7609(e)(1) (1988). The tax court determined that § 7609(e)(1) suspended the limitations period during the pendency of the summons proceeding so that the IRS's notice of deficiency was not untimely.

The Clarks contend that § 7609(e)(1) does not apply to a limitations period that has been extended by agreement. In view of the plain language of the statutes, we disagree. Section 7609(e)(1) refers to "any period of limitations under section 6501." Section 6501(c)(4) merely extends the applicable limitations period. Therefore, by its plain meaning § 7609(e)(1) applies to suspend a limitations period extended by § 6501(c)(4).

Our conclusion is supported by courts' interpretation of § 6503(a)(1), which also suspends the § 6501 limitations period. Section 6503(a)(1) suspends "[t]he running of the period of limitations provided in section 6501." I.R.C. § 6503(a)(1). A limitations period extended by § 6501(c)(4) is a limitations period within the meaning of § 6501 and subject to the suspension provision of § 6503(a)(1). Meridian Wood Prods. Co. v. United States, 725 F.2d 1183, 1188 (9th Cir. 1984); Ramirez v. United States, 538 F.2d 888, 893 (Ct. Cl.), cert. denied, 429 U.S. 1024 (1976). Section 6503's reference to § 6501 is very similar to that

3

contained in § 7609(e)(1). Consequently, we conclude that § 7609(e)(1) suspends a limitations period extended by § 6501(c)(4). The tax court correctly held that limitations did not bar the deficiency against the Clarks.

## II.

As taxpayers, the Clarks have the burden to prove that they are entitled to the deductions they claimed on their tax returns. Patton v. Commissioner of Internal Revenue, 799 F.2d 166, 170 (5th Cir. 1986). When the tax court finds that a taxpayer is not entitled to a claimed deduction, we review that finding for clear error. Id.

The first deduction the Clarks claim is based on the withholding of commissions by Mr. Clark's employer, American Fidelity Life Insurance Company (AMFI). AMFI paid Mr. Clark commissions on his sales of life insurance policies between 1983 and 1986. To provide new agents with a sufficient income at first, AMFI pays a portion of their commissions in advance. Afterwards, AMFI retains a portion of their commissions and applies them against the advances. In other words, AMFI advances a loan that the agent subsequently repays. The repayment of loans is not deductible. Brenner v. Commissioner of Internal Revenue, 62 T.C. 878, 883 (1974). The tax court's disallowance of this deduction was not clearly erroneous.

The second deduction the Clarks claim concerns payments made to Abe Tyrone Thomas. I.R.C. § 162(a)(1) allows a taxpayer to deduct wages paid to an employee working in the taxpayer's

4

business.  Patton, 799 F.2d at 169-70.  The tax court found that most of the Clarks' payments to Thomas, however, were loans, not wages.  The Clarks contend that Thomas defaulted on the loans, but they provide no evidence in support thereof.  Therefore, the tax court's finding is not clearly erroneous.

The third deduction the Clarks claim concerns depreciation and business miles on their vehicles for 1985.  The Clarks presented no evidence to support this deduction to the tax court.  Rather, the Clarks argue that the IRS conceded this item before trial. Nevertheless, the Clarks present no proof of this concession.  We see no clear error.

The last deduction the Clarks claim concerns depreciation on Mr. Clark's car during 1986.  In June 1986, Mr. Clark became the pastor of his church, and he still worked for AMFI until September 1986.  Mr. Clark used his car to commute between his home and his church, to travel between AMFI and his church, and to transport church members to different functions.  The tax court found that the transportation of church members was a business expense, but that the rest of his mileage was not deductible.  Miles commuted between one's home and one's business are nondeductible personal expenses, but miles commuted between two places of business are deductible.  Steinhort v. Commissioner of Internal Revenue, 335 F.2d 496, 503-04 (5th Cir. 1964).  Although the Clarks could deduct the miles commuting between AMFI and the church between June and September 1986, they provided no substantiation of such mileage.

5

We conclude that the tax court's finding was not clearly erroneous.[2]

## CONCLUSION

For the foregoing reasons, the decision of the tax court is AFFIRMED.

---

[2] The Clarks also argue that we should reverse the penalties imposed by the IRS, but they provide no basis for overturning the penalties. Therefore, we affirm the tax court's upholding of the penalties.